## GRAHAM *vs.* SMITH, trustee.

An action for the recovery of land was brought against one Graham to the October term, 1885, of Appling superior court. At the March term, 1886, thereof, plaintiff's attorney obtained leave of absence, but at that term the case was dismissed for want of prosecution. At the next term, plaintiff's attorney obtained the agreement of the judge that such attorney should be notified if the case were reached; but the case, having been dismissed at the previous term, was not called. Upon a motion to set aside the judgment of dismissal and reinstate the case, the plaintiff's counsel testified that he had no notice that the case had been dismissed until his client informed him just before the March term, 1887, that the land sued for had been sold under a judgment for the costs taken when the case was dismissed, and that as soon as he ascertained these facts, he made the motion to set aside the judgment and reinstate the case. Upon this showing the case was reinstated.

*Held*, (1) The motion to set aside the judgment was a proper and legal proceeding. (2) That Graham was a *bona fide* purchaser of the property sold for costs under the judgment of dismissal, before any motion to set such judgment aside was made, is not a sufficient ground to authorize the reversal of the judgment reinstating the case. (3) The *laches* of the plaintiff in not moving to reinstate the case at the term when it was dismissed or at the subsequent term, was not taken and urged before the court below, and therefore cannot be considered here. If this ground had been urged, it seems that it would have been a meritorious one. Counsel for plaintiff was in *laches*, and by the exercise of proper diligence could have known of the dismissal of the case by the term succeeding that at which the dismissal occurred.

(*a*) Counsel should either attend the court or have other counsel to represent them and give them proper notice, and ought not to put upon the judge the burden of notifying them when their cases will be reached.

July 12, 1888.

Motion to set aside judgment. *Bona fide* purchaser. *Laches.* Attorneys at law. Practice. Before Judge ADAMS. Appling superior court. March adjourned term, 1887.

Reported in the decision.

E. D. GRAHAM, by brief, for plaintiff in error.

S. W. HITCH, by ALEXANDER & TURNBULL, *contra.*

SIMMONS, Justice.

Smith, as trustee, brought his action against Graham for the recovery of a lot of land, to the October term, 1885, of Appling superior court. At the March term 1886, the plaintiff's attorney obtained leave of absence from the court. At that term, the case was dismissed for want of prosecution. At the next term of the court, counsel for the plaintiff requested the judge, if the case should be reached, to notify him; which the judge agreed to do. The case having been dismissed at the preceding term, it was not called at the October term, and therefore the judge did not notify counsel according to his promise. Counsel testified that he had no notice that his case was dismissed, until his client informed him just before the March term, 1887. His client notified him that the land had been sold under a judgment for the costs, taken when the case was dismissed at the March term, 1886. As soon as he ascertained of the dismissal of the case, he made this motion to reinstate the case and set aside the judgment dismissing it for want of prosecution. Upon these facts, the judge reinstated the case; to which the defendant excepted, assigning the same as error.

1, 2. The plaintiff in error assigns two grounds of error, and insists upon a reversal of the judgment below on these two grounds: (1) that the motion to set aside the judgment was an improper and illegal proceeding, because there were no defects apparent on the face of the record; (2) that Graham was a *bona fide* purchaser of the defendant's property sold under the judgment of dismissal before any motion was made to set it aside, and whilst the judgment was subsisting. We do not think that either of these grounds is sufficient to authorize a reversal in this case.

3. The real ground of merit, namely, the *laches* of the plaintiff in not moving to reinstate the case at the term it was dismissed or at the subsequent term, which should

have been urged against its reinstatement, was not taken and urged before the judge in the court below, and therefore cannot be considered here.  If this ground had been urged before the court below, it is highly probable that the court would have refused to reinstate the case on that ground; and if the court had done so, we would not interfere.  We think that counsel for the plaintiff was in *laches* in not moving to reinstate his case before the March term, 1887.  It is true that in his testimony he says that he did not know of the dismissal of the case until that time.  But we think that, by the exercise of proper diligence on his part in regard to his case, he should have known of the disposition of it by the next term after it was dismissed, and ought not to have relied on the promise of the judge that he would notify him if the case were reached.  We do not think counsel ought to put this additional burden upon the judge of notifying them when their cases will be reached.  They should either attend the court, or have other counsel to represent them and give them proper notice.  But as this ground was not urged before the court, so that we might pass upon the same, we will not reverse the judgment.

Judgment affirmed.