## 43001. RYCROFT v. DISHAROON.

Deen, Judge. The defendant Rycroft sold his home to Disharoon in March, 1966, but remained in possession under an oral agreement. On May 20 Disharoon informed the defendant by letter that under their agreement he was to move on June 1; that rent of $85 per month for two months was acknowledged; that plaintiff desired possession of the house but would give defendant an election to remain not longer than

August 1 provided he paid $125 per month. The defendant neither paid the increased rent nor moved. A dispossessory warrant, alleging defendant was a tenant at suffrance, was taken out on June 15. On September 12 the case appeared on the trial calendar but by error of the office of the Clerk of the Civil Court of Fulton County the name of the attorney representing plaintiff was omitted and an employee of the firm whose duty it was to check the published list of cases scheduled for trial by firm name did not report the case as being on the calendar. The case was called in open court, but, there being no appearance for either plaintiff or defendant, the judge dismissed the same on his own motion. The action was not discovered until November 15, 1966, and plaintiff made a motion to re-instate and motion for summary judgment accompanied by an affidavit setting out the facts stated above. These pleadings were properly served but there was again no appearance for the defendant, and the court granted plaintiff's motions, re-instated the case, and thereafter granted the motion for summary judgment. These rulings are enumerated as error in the appeal. *Held:*

1. Whether or not the laches of plaintiff's counsel in failing to discover and move to vacate the order of dismissal would under the circumstances have barred the re-instatement of the case had it been properly urged before the trial court, it appears from the record that the defendant failed to avail himself of the opportunity to contest the re-instatement, and accordingly it can not be considered by this court. *Graham v. Smith*, 80 Ga. 676 (2) (7 SE 131).

2. As to the grant of the motion for summary judgment, the appellant argues only that it was error because the case had previously been dismissed for want of prosecution. Since the case had been thereafter re-instated, and since the grounds of the motion were not controverted, judgment was properly entered in favor of the plaintiff.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*

Submitted September 11, 1967—Decided October 6, 1967.

*Pierce James*, for appellant.
*Archer, Patrick & Sidener, Griffin Patrick, Jr.*, for appellee.